**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No.1:07-cr-07

        vs.                         Barrett, J.
                                    Bowman, M.J.

OMAR MANJANG,

        Defendant.

### REPORT AND RECOMMENATION

The instant action is now before the Court on Defendant's motion for a writ of coram nobis and order that his plea and conviction be set aside (Doc. 23) and the Government's memorandum contra. (Doc. 24). Defendant's instant motion has been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). (Doc. 25). For the reasons set forth herein, I now recommend that the Defendant's motion be DENIED.

    **I.**    **Background**

Defendant is a Gambian citizen pending deportation seeking to overturn the 2007 charge and conviction in order to apply for citizenship so he may remain in the United States with his wife. Notably, Defendant was indicted on January 17, 2007 for, and later plead guilty to, False Personation of U.S. Citizenship in violation of 18 U.S.C. § 911 (Doc. 23-24). On May 22, 2007, Defendant was sentenced to one year of supervised release and time served. (Docs. 19, 21).

After sentencing Defendant consulted with an immigration attorney and inquired about becoming a permanent U.S. resident. According to Defendant, Counsel

1

informed him that as a result of his criminal conviction, acquiring permanent residency would be impossible, deportation back to Gambia was probable, and that Defendant would be permanently barred from re-entering the United States. (Doc. 21, Transcript at 44-45; 23; 23-1 at ¶ 10). However, efforts to remove Defendant back to his country of origin have proven unsuccessful since Gambia will not recognize his citizenship. (Doc. 23; 23-1 at ¶ 11). Because of this, he will remain on supervised release indefinitely. (*Id.* at ¶ 11). Defendant now motions the court for the writ of coram nobis in order to vacate the guilty plea and subsequent conviction in order to apply for resident status.

## II.    Analysis

Citing *Padilla v. Kentucky*, 559 U.S. 356 (2010), Defendant now asks the Court to set aside his plea and sentence because his trial attorney allegedly did not give him accurate advice about the removal consequences of his guilty plea. Specifically, Defendant alleges he would not have entered the guilty plea had he known the extent of the negative collateral consequences stemming from it. In this regard, Defendant argues that he was given incomplete advice by counsel or did not understand the consequences of the plea and as a result the conviction should be vacated under *Padilla*, 559 U.S. at 356 (defense counsel has legal duty to give correct advice on the collateral consequences). (Doc. 24). Defendant further argues that at the time of the plea he was not aware that he would be placed on indefinite supervised release when Gambia declined to recognize him as a citizen. (Doc. 24).

Coram nobis is only available when relief from 28 U.S.C. § 2255 is unavailable, generally after the party has finished his sentence, and is outside of federal custody.

*United States v. Johnson* 237 F.3d 751, 755 (6th Cir. 2001). To be entitled to a writ coram nobis, the movant must show the court that three elements have been met. The movant must demonstrate (1) an error of fact; (2) unknown at the time of the proceeding or trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Id.* Emphasis given to the "error of fact" must have been unknown at the time of the initial proceeding and that the Defendant must suffer ongoing civil disabilities. *Blanton v. United States*, 94 F.3d 227, 232 (6th Cir. 1996). Such writs are rarely issued when a motion is brought before the court. *United States v. Nyhuis*, 40 Fed. Appx. 80, at *80 (6th Cir. 2002). Upon careful review, the undersigned finds that the Defendant fails to satisfy the requirements required for this Court to vacate the sentence from his 2007 conviction.

At the outset, the Government asserts that the Supreme Court held that "*Padilla* does not have retroactive effect." *Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013). Thus, the government notes that Defendant's conviction became final long before *Padilla* was decided; and as such, he cannot benefit from the decision. Furthermore, notwithstanding Defendant's attorney's alleged deficient performance, the record clearly establishes that this Court advised him during the change-of-plea hearing that his plea would be a basis for his deportation, and Defendant acknowledged his understanding of that. (Doc. 21 at 8-9.) *See Abraham v. United States,* 699 F.3d 1050, 1053 (8th Cir. 2012) (defendant could not show prejudice where PSR had indicated a likelihood that he would be deported if convicted).

In addition, to the extent that Defendant seeks coram nobis relief for something other than ineffective assistance of counsel, such as the assertion that he just did not

completely understand the potential removal consequences of his guilty plea, such a contention is also not well-taken. As noted by the Government, regardless of the performance of his trial counsel, the motion is outside the scope of coram nobis. Given that coram nobis covers only "errors of the most fundamental character*," United States v. Morgan*, 346 U.S. 502, 512 (1954), the one seeking the writ must, at a minimum, allege that there was an error in the proceeding. Such is not the case here.

### III.    Conclusion

Based on the foregoing, the undersigned concludes that Defendant's motion is not well-taken. It is therefore **RECOMMENDED** that Defendant's motion for writ of coram nobis (Doc. 23) be **DENIED**.

*  s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                      Case No.1:07-cr-07

       vs.                            Barrett, J.
                                     Bowman, M.J.

OMAR MANJANG,

       Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981